**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Ray Bollinger,<br><br>        Plaintiff,<br><br>v.<br><br>NaphCare Incorporated, et al.,<br><br>        Defendants. | No. CV-23-02008-PHX-DGC (MTM)<br><br>**ORDER** |

Plaintiff Johnny Bollinger is an inmate at the Arizona State Prison Complex-Lewis. He brought this civil rights action pursuant to 42 U.S.C. § 1983, asserting that deficient medical care violated his Eighth Amendment rights. Doc. 1. Plaintiff requested copies of all his medical records from the date of his intake at ASPC. Doc. 79 at 3. After receiving the records, Plaintiff filed a motion for spoliation sanctions, alleging that a "significant number" of his medical records were deleted, altered, or falsified "in some way, shape, or form." Doc. 51 at 4, 8. Magistrate Judge Morrissey denied the motion and Plaintiff filed an objection with this Court. Docs. 51, 72, 79. For reasons stated below, the Court will affirm Judge Morrissey's order.

**II.     Legal Standard.**

Under Federal Rule of Civil Procedure 72(a), a magistrate judge can "hear and decide" non-dispositive pretrial matters. Upon timely objection, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"A magistrate judge's factual findings or discretionary decisions are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (citing *Sec. Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997)). An order is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citations omitted).

**III.   Discussion.**

The records in dispute appear to be electronically stored. *See* Doc. 51-1 through 51-8. Since its revision in 2015, Rule 37(e) has provided the exclusive source of sanctions for the spoliation of electronically stored information ("ESI"), foreclosing reliance on inherent authority. *See* Rule 37(e) advisory committee note to 2015 amendment (Rule 37(e) "forecloses reliance on inherent authority or state law to determine when certain measures should be used."); *Mannion v. Ameri-Can Freight Sys. Inc.*, No. CV-17-03262-PHX-DWL, 2020 WL 417492, at *5 (D. Ariz. Jan. 27, 2020).

Plaintiff asserts that Judge Morrissey did not properly consider his motion for sanctions under Rule 37(e) because the judge did not analyze whether Plaintiff was prejudiced by the alleged spoliation or whether Defendants acted with intent to deprive Plaintiff of the evidence. Doc. 79 at 6. Although it is true that Rule 37(e) authorizes sanctions for ESI spoliation only upon a finding of prejudice or an intent to prevent a party from using ESI in litigation, *see* Fed. R. Civ. P. 37(e)(1)-(2), the rule includes a threshold requirement that the evidence be lost. It applies only "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it[.]" Fed. R. Civ. P. 37(e); *see also Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022) ("This rule establishes three prerequisites to sanctions: the ESI should have been preserved in the anticipation or conduct of litigation, it is lost through a failure to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery.").

Plaintiff requested his medical records through the ADCRR internal process, not through discovery under the Federal Rules. Doc. 79 at 3. Plaintiff received documents in response to his request, and now claims that some have been deleted, altered, or falsified in some manner. Doc. 51 at 4, 8. Defendants assert that Plaintiff did not share the documents he received with defense counsel, did not request copies of medical records from Defendants for comparison, and did not provide an opportunity for Defendants to supplement or correct the allegedly spoliated records. Doc. 65 at 2.

Judge Morrissey noted that "[i]n support of his motion, Plaintiff identifies 33 pages (without explanation) and submits over 350 pages of medical records and other exhibits attempting to demonstrate that his records were tampered with, removed, or deleted by Defendants. . . . Plaintiff has failed to demonstrate that any Defendant has intentionally or even negligently failed to preserve evidence relevant to the pending litigation." Doc. 72 at 2, 4. Based on this record, Judge Morrissey found that Plaintiff had not shown that Defendants altered or failed to preserve his medical records. *Id.*[1]

This Court has examined Plaintiff's filings before Judge Morrissey and cannot determine how the documents Plaintiff received were deleted, altered, or falsified as he claims. For example, the motion asserts that Plaintiff identified "19 separate records that were tampered with in some way, shape, or form" and "several sections where records of appointments and other entries either were deleted or certain date ranges stopped[.]" Doc. 51 and 4. In support, Plaintiff cites "Exhibit Two," but that exhibit contains 50 pages of medical records with no indication of which records were allegedly tampered with. *See* Doc. 51-2. The motion asserts that Plaintiff contacted defense counsel and "specifically identified" the "omission and/or tampering of numerous documents." Doc. 51 at 4. In

---

[1] Judge Morrissey referred to a negligence standard for ESI spoliation, but Rule 37(e) deliberately superseded some existing caselaw, including cases applying a negligence standard. *See Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 334 n.2 (D. Ariz. 2022). The parties' and lower court's references to negligence, while legally incorrect, do not affect this appeal because Plaintiff failed to satisfy his initial burden of proof, as discussed below. The 2015 Advisory Committee chose not to establish a new standard for spoliation of nonelectronically stored information. *See* Rule 37(e) advisory committee note to 2015 amendment ("The new rule applies only to electronically stored information"). Thus, if Plaintiff's medical records were stored in paper form, the traditional rules for spoliation cited by Judge Morrissey are correct.

support, Plaintiff cites "Exhibit Four," which contains a different set of 50 pages of medical records with no indication of which records were tampered with. *See* Doc. 51-4. Plaintiff's motion cites medical records where he has hand-written numbers on the bottom of pages, but these pages also lack any indication of what information was altered or lost. *See, e.g.,* Doc. 51 at 3 (citing pages 214, 325, 327, which appear, respectively, at Docs. 51-3 at 28, 51-1 at 12, 51-1 at 10); Doc. 51 at 6 (citing page 216, which appears at Doc. 51-3 at 30). In other places, Plaintiff cites documents he asserts are incomplete, without explaining why they are incomplete or whether further information can be found elsewhere in the 300+ pages he attached to his motion. *See, e.g.,* Doc. 51 at 6 (citing page 170, which appears at Doc. 51-4 at 17); Doc. 51 at 9 (citing "Exhibit Eight," which is Doc. 51-8); Doc. 51 at 15 n.2 (citing pages 170-75, which appear at Doc. 51-4 at 13-17). In all these citations, Plaintiff never explains what is missing.

As the party seeking sanctions, Plaintiff bears the burden of proving spoliation under Rule 37(e). *Fast*, 340 F.R.D. at 335 ("the relevant standard of proof for spoliation sanctions is a preponderance of the evidence"). He has not met that burden. The Court accordingly cannot conclude that Judge Morrissey's ruling was clearly erroneous or contrary to law.[2]

**IT IS ORDERED** that Judge Morrissey's order denying Defendants motion for spoliation sanctions (Doc. 72) is **affirmed**.

Dated this 19th day of March, 2025.

David G. Campbell
Senior United States District Judge

---

[2] Plaintiff also asserts that Judge Morrissey improperly considered Defendants' response to the motion, which was filed one day late. Doc. 79 at 5. As previously stated, "the Court cannot conclude that accepting the late filing was clearly erroneous or contrary to law." Doc. 78 at 3.